UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE VELASQUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-02329 |
| | § | |
| WCA MANAGEMENT COMPANY, L.P., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Defendant WCA Management Company's Motion for Reconsideration of Court's Order Denying Arbitration ("Motion for Reconsideration"). Doc. 78. Having considered the motion, responses, record, and relevant legal authorities, the Court denies Defendant's motion.

In an Opinion and Order dated August 23, 2016, this Court denied Defendant's Motion for Summary Judgment and Alternative Motion to Dismiss Claims of Certain Opt-Ins. Doc. 64. In that motion, Defendant argued for the dismissal of the claims of certain opt-in plaintiffs pursuant to the terms of a collective bargaining agreement ("CBA"). *Id.* at 10–12. Defendant contended that the express terms of the CBA—entered into two days before this case was filed— required a number of plaintiffs to arbitrate their claims. *Id.* Relying on the record, the Court concluded that evidence existed indicating that the CBA was never ratified and, therefore, denied Defendant's motion. Doc. 76 at 17–21. Defendant now urges this Court to reconsider that decision. *See* Doc. 78.

A motion for reconsideration "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

raised before the entry of judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it merely serves to allow "a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)). A motion for reconsideration may also be used to bring an intervening change in the controlling law to the court's attention. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Nevertheless, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F. 3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

In its Motion for Reconsideration, Defendant simply restates the same arguments that it raised in its earlier motion. For the reasons stated in its August 23 Opinion and Order, this Court again concludes that lingering questions regarding the validity of the CBA preclude dismissal of certain opt-in plaintiffs' claims. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

SIGNED at Houston, Texas, this 20th day of April, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE