UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE VELASQUEZ, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-02329 |
| | § | |
| WCA MANAGEMENT COMPANY, L.P., | § § § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court in the above-referenced cause is Plaintiffs' Emergency Motion to Compel List of Potential Opt-Ins ("Emergency Motion to Compel"). Doc. 91. Defendant responded by filing its Response in Opposition to Plaintiffs' Emergency Motion to Compel List of Potential Opt-Ins and Alternative Motion Requesting 28 U.S.C. § 1292(b) Certification. Doc. 95. After considering the parties' filings, the relevant law, and for the reasons outlined below, the Court grants Plaintiffs' Emergency Motion to Compel and denies Defendant's Alternative Motion Requesting 28 U.S.C. § 1292(b) Certification.

**I. Background**

This case arises from Plaintiffs' Fair Labor Standard Act ("FLSA") overtime claims. *See* Docs. 1, 97. The question raised by the pending motion is the scope of the conditional class that this Court certified in its August 23, 2015 Opinion and Order. Doc. 76.

Soon after this Court granted Plaintiffs' Motion for Conditional Certification, Doc. 11, Plaintiffs requested a list of Defendant's current and former employees, Doc. 91 at ¶ 4. According to Plaintiffs, they acquiesced to Defendant's request for an extension of the deadline to provide the list of potential opt-ins only to have Defendant subsequently "refuse[] to produce the list." Doc. 91 at ¶¶ 5–6.

Defendant's non-compliance precipitated Plaintiffs' Opposed Emergency Motion to Compel List of Potential Opt-Ins ("First Motion to Compel"). Doc. 79. This Court referred that motion to Magistrate Judge Stacy on September 13, 2016, and she granted it a week later. Docs. 82, 86. Pursuant to Judge Stacy's Order, Defendant had seven days to "provide Plaintiffs with a list, in usable electronic format, of Defendant's current and former employees that fall within the conditional class." *Id.* at 1.

In response, Defendant produced a partial list of potential opt-ins on September 28, 2016. Doc. 91 at ¶ 8. After Plaintiffs learned that this list only included the names of employees from one of Defendant's locations, it filed the instant Emergency Motion to Compel. *Id.* ¶ 9. Plaintiffs argue that the certification covers all of Defendant's employees nationwide and seek a list of the nearly 1,000 employees that exist and are members of that conditional class. *Id.* ¶ 12. Defendant disputes the breadth of the certification, arguing that the class this Court actually certified only encompasses residential drivers and helpers who were employed at Defendant's Highway 6 location. Doc. 95.

**II. Plaintiffs' Emergency Motion to Compel**

Defendant is correct to note that this Court explicitly declined to conditionally certify the "very broad" proposed class contained in Plaintiffs' original and amended complaints. *See* Docs. 76 at 3 n.5, 95 at 5. That proposed class called for certification of:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

Docs. 1 at ¶ 34, 63-1 at ¶ 58. Instead, the Court certified the class as described in Plaintiffs' Motion for Class Certification, which was substantially more limited: "All individuals, who at

any point, during the past three years prior to the filing of this lawsuit, worked for Defendant as drivers or driver's helpers and who did not receive overtime pay." Doc. 76 at 3.

To the extent that Plaintiffs' motion seeks to compel a list of all potential opt-ins that fall within the class described in their complaints rather than the one described in their Motion for Class Certification, it is denied. The Court was clear that the certified class was limited to driver's and driver's helpers who did not receive overtime pay at any point in the past three years prior to the filing of the lawsuit. *Id.* Plaintiffs' attempt to ensnare "all persons" who "worked at any business that was owned, operated, and/or acquired by Defendant" is far too broad because it ignores the FLSA's requirement that the class members must be similarly situated and is not supported by the record. However, because the limited class approved for certification by this Court does not clearly delineate any geographic or employee-classification limitations—the main points of contention between the parties now—the Court will address the parameters of Plaintiffs' class in full at this juncture.

"[G]eographic commonality is not necessary to meet the 'similarly situated' requirement for a FLSA collective action." *Vargas v. Richardson Trident Co.*, CIV.A. H-09-1674, 2010 WL 730155, at *10 (S.D. Tex. Feb. 22, 2010) (citing *Sedtal v. Genuine Parts Co.,* Civ. A. No. 1:08–CV–413–TH, 2009 WL 2216593, at *5 (E.D. Tex. July 23, 2009); *Falcon v. Starbucks Corp.,* 580 F. Supp. 2d 528, 539–40 (S.D. Tex. 2008)). Nevertheless, "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Rueda v. Tecon Services, Inc.*, CIV.A. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011) (collecting cases). Rather, the focus is on whether "a common policy, plan, or practice demonstrates a similar factual setting for purposes of showing workers are 'similarly situated.'" *Vargas*, 2010 WL 730155, at *9–10 (citing *Falcon*, 580 F. Supp. 2d at 534–35;

*Sedtal*, 2009 WL 2216593, at *5).

Here, the record indicates that Defendant's job classifications are company-wide. Doc. 64-5 at 9. There is also no indication from the allegations and affidavits that the improper pay practices were limited to a specific type of driver or helper or to a single WCA location. *See* Docs. 11-1–2, 29, 35/39, 36, 42. Indeed, the affidavits state that the drivers and helpers worked on both commercial and residential routes during their tenure with the company and make no mention of a specific location. *See id.*

Plaintiffs allege that all drivers and helpers within these parameters were promised a flat daily rate for completing their regular collection routes and Defendant then manipulated payroll records to make it appear that Plaintiffs were being paid overtime. Doc. 15 at 2. The only evidence proffered by Defendant to counter Plaintiff's non-location-specific allegations is the declaration of Jennifer Woodrow, WCA's Payroll Department Administrator, who states that only two locations employed the payroll system that Plaintiffs complain of. *See* Doc. 95-2 at ¶ 5. The Court concludes this is insufficient to overcome Plaintiffs' showing at the first step of *Lusardi*. *See Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 775 (S.D. Tex. 2015). ("Because the evidence now before the court shows that there is a reasonable basis for crediting plaintiff's assertion that other aggrieved individuals exist and that the other aggrieved individuals are similarly situated to plaintiff in terms of both job requirements and payment provisions, the court concludes that plaintiff has provided sufficient evidence to satisfy the first stage of the *Lusardi* analysis . . . .").

However, because the proposed opt-in notice does explicitly state that individuals are eligible to join if they "were employed by WCA Management Company, L.P.," Doc. 11-1 at 1, the Court limits the conditional class to two types of employees: drivers and helpers—of both the

commercial and residential variety—who were employed by WCA Management Company, L.P. at any of that entity's locations within the three years immediately preceding the filing of this lawsuit. If, after discovery is largely complete, Defendant determines that the claimants are not similarly situated they may then seek to decertify the class under the second step of *Lusardi*. *See Blake v. Colonia Sav., F.A.*, CIV.A. H-04-0944, 2004 WL 1925535, at *2 (S.D. Tex. Aug. 16, 2004) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). Accordingly, the Court grants Plaintiffs' Emergency Motion to Compel to the extent that Plaintiffs seek a list of potential opt-ins that complies with the class described herein.

### III. Defendant's Motion Requesting 28 U.S.C. § 1292 Certification

In the alternative to denying Plaintiffs' motion, Defendant asks this Court to make its class-certification order immediately appealable under 28 U.S.C. § 1292. Doc. 95 at 10–12. Defendant argues that "insofar as it intended to conditionally certify a nationwide class or to include commercial drivers within the intended class," this Court made a manifest error of law. *Id.* at 10. More specifically, Defendant contends that there is "substantial ground for difference of opinion" on the applicability of the *Lusardi* or *Shusan* approach to FLSA class certification and "an immediate appeal would materially advance the ultimate termination of this litigation." *Id.* at 12.

The Court disagrees. It is well settled in this district—and this Court—that the "two-step ad hoc approach" in *Lusardi* is the preferred method for the similarly-situated analysis rather than Rule 23 requirements under *Shushan*. *Williams v. Grayco Cable Servs., Inc.*, 4:15-CV-2893, 2016 WL 2962913, at *4 (S.D. Tex. May 17, 2016) (collecting cases); *see also Romero v. J&F Analysts Inc.*, 4:15-CV-00790, 2016 WL 612594, at *2 (S.D. Tex. Feb. 16, 2016) (Harmon, J.)

(citations omitted) ("[M]ost courts, including those in this district, use the *Lusardi* approach."). Although the Fifth Circuit expressly declined to determine which method is more appropriate in *Mooney*, 54 F.3d at 1216, it has since acknowledged the inapplicability of Rule 23 to a § 216(b) action in at least one context, holding that the interlocutory appeal provisions of Rule 23(f) do not apply in a § 216(b) action because a "216(b) FLSA action is not a [R]ule 23 class action," *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005).

Nor is the Court convinced that an immediate appeal would expedite this litigation. Indeed, it appears that the opposite is the case. Just as it is well known that *Lusardi* is the preferred approach in this district, it is also well known that *Lusardi* entails a two-step analysis; Admittedly, the first step is lenient, but defendants have every opportunity to challenge certification at the second stage. *Romero*, 2016 WL 612594, at *3. Accordingly, Defendant has an opportunity to file a motion for decertification that may grant it the relief it seeks at a later date. Moreover, even assuming that on immediate appeal Defendant could achieve an unlikely Fifth Circuit directive that *Shushan* should apply, on remand this Court would then be required to approach the certification question for a second time under that framework. Accordingly, appeal of the Court's conditional certification at the first stage of *Lusardi* is likely to only serve to lengthen litigation unnecessarily. *See Kelly v. Healthcare Servs. Grp., Inc.*, 2:13-CV-00441-JRG, 2014 WL 3612681, at *6 (E.D. Tex. July 22, 2014) ("An immediate appeal, however, will delay the proceeding for at least several months, causing this litigation to possibly become more 'protracted and expensive.'" (citations omitted)). Consequently, the Court denies Defendant's motion.

### IV. Plaintiffs' Request for Fees and Costs

Finally, Plaintiffs ask this Court to grant Plaintiffs recovery of their attorney's fees and costs in preparing and presenting their Emergency Motion to Compel. Doc. 91 at 5.

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Here, Defendant stymied Plaintiffs' efforts to obtain a list of potential opt-ins on two occasions, necessitating two motions to compel. *See* Docs. 79, 91. Standing alone, these actions would lead the Court to conclude that Defendant is obliged to pay Plaintiffs' costs. However, because the Court did not clearly outline the limitations of Plaintiffs' proposed class in its earlier Opinion and Order, Doc. 76, it is understandable that the parties would come to loggerheads over the scope of the list that Defendant was required to provide to Plaintiffs. Accordingly, this Court cannot say that Defendant's nondisclosure was not substantially justified. Plaintiffs' request is, therefore, denied.

### V. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Emergency Motion to Compel, Doc. 91, is **GRANTED**. It is further

**ORDERED** that Defendant's Motion for 28 U.S.C. § 1292 Certification of Issues for Appeal, Doc. 95, is **DENIED**. Finally, it is

**ORDERED** that each party is to bear its own costs.

SIGNED at Houston, Texas, this 20th day of April, 2017.

                                              MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE